UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PHILIP M. IRELAND, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | No.  6:25-CV-00162-LS |
| § | |
| PATRICK SIMMONS, DANIEL § | |
| RALSTIN, LINDA K. GRANT, C. § | |
| MICHAEL DAVIS, and COUNTY OF § | |
| FREESTONE, § | |
| § | |
| *Defendants*. § | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

*Pro se* Plaintiff Philip M. Ireland sues Freestone County, its county officials, and a state district court judge after Ireland's property was sold to satisfy delinquent taxes. The Honorable Patrick Simmons, judge of the 87th Judicial District Court of Freestone County, Texas, moves to dismiss the claims against him for want of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] Defendants Freestone County, Freestone County's Tax Assessor/Collector Daniel Ralstin, and Freestone County's County Judge Linda K. Grant all move for judgment on the pleadings.[2] Plaintiff also moves for summary judgment.[3] The Court grants the defendants' motions and denies Plaintiff's motion.

**I.     LEGAL STANDARD.**

    **A.**     *Fed. R. Civ. P. 12(b)(1)*

---

[1] ECF No. 6.
[2] ECF No. 13.
[3] ECF Nos. 9, 10.

"The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss."[4] A court may base its determination about subject-matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[5] The motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."[6] A Rule 12(b)(1) motion should be decided before other contemporaneously filed Rule 12 dismissal motions.[7]

### B.      Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A complaint may include legal conclusions, but such conclusions must be supported by factual allegations.[10] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[11] The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party.[12] Even though a *pro se* plaintiff's complaint is "held to less stringent standards than formal pleadings drafted by lawyers"[13] it must still contain "more

---

[4] *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).
[5] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[6] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[7] *Ramming*, 281 F.3d at 161.
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Id.*
[10] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[11] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).
[12] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[15] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[16]

### C. Fed. R. Civ. P. 12(c)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[17] "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[18] The standard for deciding a motion made under Rule 12(c) is the same as that for a 12(b)(6) motion.[19] The question for the court to consider "is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[20]

## II. ANALYSIS.

### A. *Defendant Judge Patrick Simmons' Motion to Dismiss*

Plaintiff asserts that Judge Patrick Simmons, "as the presiding judge," violated his rights by failing "to provide mandatory findings of fact and conclusions of law in violation of due

---

[14] *Twombly*, 550 U.S. at 555.
[15] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).
[16] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).
[17] Fed. R. Civ. P. 12(c).
[18] *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).
[19] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).
[20] *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

process."[21] He requests a declaratory judgment, monetary damages, and a permanent injunction against all Defendants.[22]

"Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."[23] A judge is carrying out a judicial act when the act "is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity."[24] Here, Plaintiff alleges that Judge Simmons was the presiding judge over Plaintiff's foreclosure proceedings[25] and was thus carrying out acts normally performed by a judge. The judge, performing only judicial acts and interacting with Plaintiff only in his judicial capacity, enjoys immunity and cannot be sued for monetary damages.

Plaintiff's claims for prospective relief are dismissed for want of standing. Although judicial immunity "does not bar prospective relief against a judicial officer,"[26] jurisdiction is limited to "actual, ongoing" cases and controversies.[27] "Without a case or controversy there is no standing, and without standing, no subject matter jurisdiction."[28] "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."[29] In other words, the "plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."[30] Here, Plaintiff's complaint is devoid of any facts showing continuing harm or a threat of repeated injury from Judge Simmons. Finally, when a judge is sued in his adjudicatory capacity,

---

[21] ECF No. 1 at 3.
[22] *Id.* at 3–4.
[23] *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).
[24] *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).
[25] ECF No. 1 at 3.
[26] *Bauer*, 341 F.3d at 357.
[27] *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).
[28] *Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018).
[29] *Bauer*, 341 F.3d at 358.
[30] *Id.*

"[t]he requirement of a justiciable controversy is not satisfied" because the plaintiff and defendant do not "have adverse legal interests."[31] For these reasons, Plaintiff's claims against Judge Simmons for injunctive and declaratory relief fail. The Court grants Judge Simmons' motion to dismiss.

### B. *Defendants Freestone County, Daniel M. Ralstin, and Linda K. Grant's Motion to Dismiss*

#### 1. Daniel M. Ralstin and Linda K. Grant

##### a. Official Capacity

Tax Assessor/Collector Ralstin and County Judge Grant argue that res judicata bars the claims against them.[32] Res judicata is an affirmative defense that can be raised in a motion to dismiss when "the facts are admitted or are not controverted or are conclusively established."[33] Ralstin and Grant ask the Court to take judicial notice of the state court documents they filed.[34] A court may take judicial notice of the public record in prior state court proceedings.[35]

In a case where the previous judgment is from a Texas state court, "Texas law governs the application of res judicata."[36] The elements of res judicata under Texas law are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action."[37]

---

[31] *Id.* at 359.
[32] ECF No. 13 at 12–14.
[33] *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952).
[34] ECF No. 13 at 10; ECF No. 14.
[35] *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020).
[36] *Wainscott v. Dallas Cnty.*, 408 F. App'x 813, 815 (5th Cir. 2011).
[37] *Harmon v. Dallas Cnty.*, 927 F.3d 884, 890 (5th Cir. 2019) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

Plaintiff sued Ralstin and Judge Grant in the Texas state court "in their representative capacities"[38] and the state court granted their plea to the jurisdiction, dismissing the claims against them with prejudice.[39] The 87th Judicial District Court of Freestone County, Texas is a court of competent jurisdiction. And the Fifth Circuit has held that "under Texas law, a grant of a plea to the jurisdiction is a dismissal on the merits for purpose of res judicata."[40] Finally, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."[41]

Under Texas' version of res judicata, "a judgment in an earlier suit 'precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit.'"[42] Plaintiff's suit in state court arose from the foreclosure of his property,[43] on which Plaintiff bases this lawsuit. Whereas Plaintiff sued in state court for violations of the Texas constitution and state and federal criminal statutes,[44] his claims here are based on 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations ("RICO") Act.[45] He could, however, have brought these claims in his state court case. All res judicata elements are satisfied and Plaintiff's claims against Ralstin and Judge Grant are barred.

Finally, to state a viable civil RICO claim, a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern, (4) of racketeering activity."[46] The complaint contains not a single

---

[38] ECF No. 14 at 26.
[39] *Id.* at 74.
[40] *Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018).
[41] *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).
[42] *Harmon*, 927 F.3d at 890 (quoting *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992)).
[43] ECF No. 14 at 26.
[44] *Id.* at 5, 25.
[45] ECF No. 1 at 3.
[46] *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote omitted).

fact supporting any of these elements, especially the "enterprise" element, so Plaintiff fails to state a viable RICO claim even if such a claim were not barred by res judicata.

### b.     Individual Capacity

The complaint does not state whether the claims against Ralstin and Judge Grant are in their official or individual capacities.[47] That said, if brought in the defendants' individual capacities, qualified immunity bars them.

Ralstin and Judge Grant, as government officials, may assert qualified immunity.[48] "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal."[49] A plaintiff looking to overcome qualified immunity must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[50] "When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an 'obligation . . . to carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery.'"[51] A defendant should receive qualified immunity as long as "his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[52]

---

[47] If Plaintiff is bringing suit against the defendants in their individual capacities, res judicata would not apply. The requirement that the parties be identical or in privity is not met when a party appears in one case in a representative capacity and in another case in an individual capacity. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Aus.*, 37 F.4th 1078, 1087 (5th Cir. 2022).
[48] *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (stating that the doctrine of qualified immunity is meant to protect government officials); *Diaz v. Cantu*, 123 F.4th 736, 747–48 (5th Cir. 2024) (considering whether to grant qualified immunity to a county judge); *King v. Handorf*, 821 F.3d 650, 655 (5th Cir. 2016) (granting qualified immunity to a parish tax assessor).
[49] *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011).
[50] *Id.* at 371 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).
[51] *Longoria ex rel. M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263–64 (5th Cir. 2019) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986)).
[52] *Id.* at 264 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Plaintiff's complaint fails to viably allege that Ralstin or Judge Grant violated any statutory or constitutional right. It merely alleges that Ralstin "acted negligently and aided in the facilitation of the unlawful foreclosure."[53] This is a conclusory statement, not entitled to the presumption of truth, and there are no factual allegations supporting it. Plaintiff also alleges that Judge Grant "participated in the scheme despite having knowledge that the foreclosure was unlawful."[54] Again, this is a conclusory statement, with no factual allegations to explain what the "scheme" was or how Judge Grant participated in it. Accordingly, qualified immunity bars the claims against Ralstin and Judge Grant.

### 2. Freestone County

To the extent that Plaintiff is bringing a 42 U.S.C. § 1983 claim against Freestone County,[55] such a claim requires "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[56] The plaintiff must identify "an official policymaker with actual or constructive knowledge of the constitutional violation [who] acted on behalf of the municipality."[57] An official policy may take the form either of "a policy statement formally announced by an official policymaker" or "a persistent widespread practice of city officials or employees."[58] Plaintiff alleges only that "Defendant Freestone County, through its agents and officials, systematically engaged in unlawful acts that deprived Plaintiff of his constitutional rights."[59] Because Plaintiff has failed to identify a policy or custom that caused his

---

[53] ECF No. 1 at 3.
[54] *Id.*
[55] Plaintiff also asserts RICO claims against all Defendants in his complaint, but a governmental entity cannot be held liable under RICO. *Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412–13 (5th Cir. 2015).
[56] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).
[57] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 167 (5th Cir. 2010).
[58] *Id.* at 168–69 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).
[59] ECF No. 1 at 2.

injury, much less an official policymaker, his claims against Freestone County are dismissed for failure to state a claim.

### C.   Leave to Amend

Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."[60] But a court need not allow a plaintiff to amend a complaint if the amendment would be futile.[61] As explained above, this is a frivolous lawsuit against county officials involved in a prior state foreclosure case, completely devoid of a viable factual or legal basis. Indeed, most if not all of Plaintiff's claims are barred so granting Plaintiff leave to amend his complaint would be futile. Moreover, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"[62] Plaintiff's motion responses contain no arguments or facts that could overcome the infirmities explained above, so the Court concludes that he has indeed pled his best case.[63] The Court will not grant leave to amend..

### D.   Defendant C. Michael Davis

Plaintiff sued C. Michael Davis but apparently never served him.[64] Plaintiff filed his complaint on April 23, 2025,[65] and had ninety days to effect service.[66] If a plaintiff does not serve a defendant within that time period, the court must, after notice to the plaintiff, "dismiss the action without prejudice against that defendant or order that service be made within a specified time."[67]

---

[60] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).
[61] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).
[62] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).
[63] *See id.* (citing cases where the Fifth Circuit affirmed dismissal of a complaint where the litigant failed to explain what additional facts he would include in his amended complaint).
[64] ECF No. 1 at 3.
[65] *See id.*
[66] Fed. R. Civ. P. 4(m).
[67] *Id.*

The Court notifies Plaintiff that it intends to dismiss all claims against Davis without prejudice unless Plaintiff shows good cause for why he has not served Davis within the time period.

### E.    *Plaintiff's Motion for Summary Judgment*

Plaintiff moved for summary judgment,[68] and filed a "Motion for Judicial Notice of Maxims of Law and the Unchallenged Nature of Affidavits Standing as Truth in Commerce,"[69] which the Court construes as exhibits in support of his motion for summary judgment. For the reasons explained above and because the Court grants Defendants' motion to dismiss and motion for judgment on the pleadings, the Court denied Plaintiff's motions.

## III.   CONCLUSION.

For these reasons, the Court grants Defendant Patrick Simmons's motion to dismiss [ECF No. 6] and the motion to dismiss of defendants Freestone County, Linda K. Grant, and Daniel Ralstin [ECF No. 13]. Plaintiff Philip Ireland's motions for judicial notice [ECF No. 9] and summary judgment [ECF No. 10] are denied.

The deadline for Plaintiff to **SHOW CAUSE** why all claims against C. Michael Davis should not be dismissed is **January 14, 2025**. Otherwise, these claims will be dismissed under Fed. R. Civ. P. 4(m) without further notice and final judgment will enter.

**SO ORDERED**.

**SIGNED** and **ENTERED** on December 31, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[68] ECF No. 10.
[69] ECF No. 9.